### 20373

W. Raymond PRUITT, Individually and on behalf of the Estate of Olga V. Pruitt, Respondent, v. The SOUTH CAROLINA NATIONAL BANK, Appellant, et al.

(282 S. E. (2d) 892)

222

*Messrs. Watkins, Vandiver, Kirvin, Long & Gable,* of Anderson, *for Appellant,*

*Messrs. Anderson, Kenyon & Epps,* of Anderson, *for Respondent,*

March 3, 1977.

GREGORY, Justice:

This involves liability of corporate executors for negligence and mismanagement in the administration of an estate. From a jury verdict in favor of the respondent (heir) in the amount of Ten Thousand ($10,000.00) Dollars, the corporate executor (bank) prosecutes this appeal. Finding ample evidence to support the verdict, we affirm.

This action was commenced March 4, 1974, by respondent, W. Raymond Pruitt, individually and in behalf of the Estate of Olga V. Pruitt, against the South Carolina National Bank. Motions were made on behalf of the bank for an order to make the complaint more definite and certain, specify acts of negligence, and make all the heirs of Dr. Olga V. Pruitt, under her will, parties to this action. An order was so issued by Judge John Grimball on October 22, 1974 and an amended complaint was filed pursuant to the order. The amended complaint alleged negligence in failing to keep estate properties in repair, allowing them to greatly depreciate, and for failing to sell the properties while they were in salable condition. The appellant, in its answer, denied any negligence and contended that although it was given the power of sale in the will, such power was totally discretionary and imposed no affirmative duty on it, and that the bank had properly transferred to the heirs as tenants in common all property incapable of division. Appellant also contended that because real property vests immediately in the devisees, the power and duty to repair and sell belongs to them alone.

The case was tried before a jury June 18, 1975. During the course of the trial, both the appellant and the respondent offered testimony as to the administration of Dr. Pruitt's estate and the duties of the executor in the administration thereof. The jury was taken to the estate properties to view the deterioration. Various objections were made as to the introduction of evidence and the appellant made timely mo-

tions for a nonsuit and a directed verdict. These motions were overruled by the trial judge. After the jury returned a verdict in favor of the respondent, the appellant made a timely motion for judgment notwithstanding the verdict or in the alternative, for a new trial, which was denied.

Appellant alleges error in the trial judge's: (1) failure to grant its motion for a nonsuit or directed verdict; (2) refusal to strike the allegations of negligence and mismanagement from the complaint; and (3) not granting its motion for judgment notwithstanding the verdict, or in the alternative, for a new trial. Although appellant raises three questions, all converge on the single issue of whether there was any evidence presented at trial of negligence on the part of the bank, *i.e.* a duty and breach of that duty. That the improvements situate on the real estate have greatly depreciated is not disputed; therefore, the question of damages is not at issue.

The record discloses the bank collected rents on a weekly and monthly basis from rental properties for over a three year period, paid all insurance premiums and taxes on all realty on a regular basis, sold one tract of estate property for One Thousand ($1,000.00) Dollars and another for Sixteen Thousand Five Hundred ($16,500.00) Dollars, placed new locks on the old homeplace, and kept keys to the premises. Respondent testified that upon the reading of the will the bank assumed control and management of the estate property. The real estate was appraised at Fifty-Three Thousand One Hundred ($53,100.00) Dollars according to the warrant of appraisement in evidence.

Respondent testified that the bank let the remaining property deteriorate and made no effort to maintain it, that it did not advertise nor actively try to dispose of the property, that it promised to secure the key to the brick house for a prospective buyer and never got back in touch with her, that this same person offered to buy at Thirty-Two Thousand ($32,000.00) Dollars and that he relayed this information

to the bank's attorney. The prospective buyer testified at trial, corroborating this. Respondent further testified that the present value of the remaining property at the time of trial was Ten Thousand ($10,000.00) Dollars.

Although the bank never stated it would actively solicit buyers for the old homeplace, it consistently referred to the possibility of negotiating a sale to Housing and Urban Development as late as April 18, 1973. The tenor of correspondence in evidence was such that one could reasonably infer it was undertaking to dispose of the unsold property but that the only offer the bank had received for it was Ten Thousand ($10,000.00) Dollars.

The record discloses that four years elapsed between the South Carolina National Bank qualifying as executor and finally executing a quitclaim deed to the devisees of the unsold estate property. Respondent testified that the quitclaim deed was executed shortly after his advising the bank he was instituting the present suit.

We find sufficient evidence to go to the jury on the issue of negligence even assuming the bank did not have any initial duty to sell the properties. The bank put itself in the position of a volunteer to perform gratuitously an accommodation to the heirs. Professionally assessing that eleven (11) tenants-in-common (some of whom resided outside the state) of this real estate was not desirable, it undertook to sell the properties and divide the proceeds.

> Once the bank embarked on the undertaking to dispose of the properties, they owed a duty to the heirs to perform the undertaking with due care.

[T]he law imposes a duty upon everyone who attempts to do anything, even gratuitously, for another to exercise some degree of care and skill in the performance of what he has undertaken . . .

Where one undertakes an act which he has no duty to perform and another reasonably relies upon that undertak-

ing, the act must generally be performed with ordinary or reasonable care. 57 Am. Jur. (2d), Negligence, Section 45, and cases cited thereunder.

Furthermore, it is the duty of an executor to preserve the estate in his hands and to protect it from loss, and he ordinarily has power to do whatever may be necessary for that purpose. 31 Am. Jur. (2d), Executors and Administrators, Section 251. Having assumed responsibility for disposition of the property and having actual control of the premises, the bank had a duty to preserve the value of the real estate during administration by making necessary repairs. Because of the bank's assumption of control over the estate properties, the heirs, untrained in the law, some residing outside of the state, naturally depended on the bank to protect their interests.

Appellants sole defense is predicated on the fact that the power of sale granted in Item VIII of Dr. Pruitt's will, which follows, is wholly discretionary:

"Item VIII: I nominate, constitute and appoint The South Carolina National Bank of Charleston, Greenville, South Carolina, to be the Executor of this will, to serve without bond and to have full power of sale."

A reading of the whole will in connection with this power of sale confirms appellant's stance that the power in no way imposes an affirmative duty on the bank to make repairs or sell the properties in question. If the bank had never exercised any control over the real estate nor caused the heirs to detrimentally rely on it, there would have been no basis for complaint.

But the bank did in fact assume control of the properties and its defense, based on the discretionary nature of the power of sale conferred upon them by the will, although a valid construction of the power, misses the point. It is the

breach of the duty gratuitously assumed and not imposed by the will that is at issue.

Affirmed.

LEWIS, C. J., and LITTLEJOHN, NESS and RHODES, JJ., concur.